JOSHUA D. HURWIT, IDAHO STATE BAR NO. 9527
UNITED STATES ATTORNEY
DAVID J. MORSE, IDAHO STATE BAR NO. 10066
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF IDAHO
1290 W. MYRTLE ST. SUITE 500
BOISE, ID 83702-7788
TELEPHONE: (208) 334-1211

**U.S. COURTS**

**JAN 09 2024**

Rcvd_____Filed_____Time_____
STEPHEN W. KENYON
CLERK, DISTRICT OF IDAHO

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>CHARLES GRANT MCREYNOLDS,<br><br>Defendant. | Case No.  **CR 24-0007-S DCN**<br><br>**INDICTMENT**<br><br>21 U.S.C. § 841(a)(1) and (b)(1)(A)<br>21 U.S.C. § 853 |

The Grand Jury charges:

## COUNT ONE

**Distribution of Methamphetamine**
**21 U.S.C. § 841(a)(1) and (b)(1)(A)**

On or about November 29, 2023, in the District of Idaho, the Defendant, CHARLES GRANT MCREYNOLDS, did knowingly and intentionally distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(A).

**INDICTMENT - 1**

## CRIMINAL FORFEITURE ALLEGATION

### Drug Forfeiture
### 21 U.S.C. § 853

Upon conviction of the offense alleged in Count One of this Indictment, the Defendant, CHARLES GRANT MCREYNOLDS, shall forfeit to the United States any and all property, real and personal, tangible and intangible, consisting of or derived from any proceeds the said Defendant obtained directly or indirectly as a result of the foregoing offenses; and any and all property, real and personal, tangible and intangible, used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the foregoing offenses. The property to be forfeited includes, but is not limited to, the following:

Unrecovered Cash Proceeds and/or Facilitating Property. The Defendant obtained and controlled unrecovered proceeds of the offense of conviction, or property derived from or traceable to such proceeds, and property the Defendant used to facilitate the offense (if facilitation is alleged), but based upon actions of the Defendant, the property was transferred, diminished, comingled, or is otherwise unavailable.

Substitute Assets. Pursuant to 21 U.S.C. § 853(p) and other applicable statutes, the government will seek forfeiture of substitute assets, "or any other property of the Defendant" up to the value of the Defendant's assets subject to forfeiture. The government will do so when the property subject to forfeiture cannot be forfeited for one or more of the following reasons:

    a.     Cannot be located upon the exercise of due diligence;

    b.     Has been transferred or sold to, or deposited with, a third person;

    c.     Has been placed beyond the jurisdiction of the court;

    d.     Has been substantially diminished in value; or

    e.     Has been commingled with other property which cannot be subdivided

INDICTMENT - 2

without difficulty.

Dated this 9th day of January, 2024.

A TRUE BILL

*/s/ [signature on reverse]*

_____

FOREPERSON

JOSHUA D. HURWIT
UNITED STATES ATTORNEY
By:

DAVID J. MORSE
ASSISTANT UNITED STATES ATTORNEY

**INDICTMENT - 3**