JOSHUA D. HURWIT, IDAHO STATE BAR NO. 9527
UNITED STATES ATTORNEY
DAVID J. MORSE, IDAHO STATE BAR NO. 10066
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF IDAHO
1290 W. MYRTLE ST. SUITE 500
BOISE, ID 83702-7788
TELEPHONE: (208) 334-1211

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>CHARLES GRANT MCREYNOLDS,<br><br>Defendant. | Case No. 1:24-cr-00007-DCN<br><br>**MOTION FOR DETENTION** |

Pursuant to 18 U.S.C. § 3142(e) and (f), the United States requests the Defendant's

detention pending trial.

**A detention hearing is authorized to determine whether any condition or**

**combination of conditions will reasonably assure the appearance of the Defendant as**

**required and the safety of any other person and the community because this case involves a**

**circumstance outlined in 18 U.S.C. § 3142(f)(1):**

MOTION FOR DETENTION - 1

(  )    The Defendant is charged with a crime of violence, as defined in 18 U.S.C. § 3156.

(  )    The Defendant is charged with Sex Trafficking of Children in violation of 18 U.S.C. § 1591.

(  )    The Defendant is charged with Acts of Terrorism Transcending National boundaries in violation of 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment is ten years or more.

(  )    The Defendant is charged with an offense for which the maximum sentence is life imprisonment or death.

( X )   The Defendant is charged with an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-869.), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-97.), or the Maritime Drug Law Enforcement Act (46 U.S.C. §§ 70501-08.).

(  )    The Defendant is presently charged with a felony and has been convicted of two or more offenses described above, or two or more State or local offenses that would have been offenses described above if a circumstance giving rise to federal jurisdiction had existed, or a combination of such offenses.

(  )    The Defendant is charged with a felony that is not a crime of violence, but that involves:  a minor victim, possession or use of a firearm or destructive device (as those terms are defined in 18 U.S.C. § 921) or any other dangerous weapon, or the failure to register under 18 U.S.C. § 2250 (as required by the Sex Offender Registration and Notification Act).

**A detention hearing is authorized to determine whether any condition or combination of conditions will reasonably assure the appearance of the Defendant as**

MOTION FOR DETENTION - 2

**required and the safety of any other person and the community because this case involves a circumstance outlined in 18 U.S.C. § 3142(f)(2):**

( X )   a serious risk exists that Defendant will flee.

(    )   a serious risk exists that Defendant will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror.

**(    ) There is a statutory rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because all of the following exist:**

1.      This case involves a situation described in 18 U.S.C. § 3142(f)(1), as set forth above;

2.      The Defendant has been convicted of a federal offense that is described in § 3142(f)(1), or of a state or local offense that would have been an offense described in § 3142(f)(1) if a circumstance giving rise to federal jurisdiction had existed;

3.      The federal, state or local offense for which the Defendant was convicted was committed while the Defendant was on release pending trial for a federal, state or local offense; and

4.      A period of not more than five years has elapsed since the date of conviction, or the release of the Defendant from imprisonment, for the federal, state or local offense for which the Defendant was convicted, whichever is later.

**( X )   There is a statutory rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the Defendant as**

MOTION FOR DETENTION - 3

**required and the safety of the community because there is probable cause that the**

**Defendant committed:**

( X )  an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-865), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), the Maritime Drug Law Enforcement Act, chapter 705 of Title 46.

(    )  an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b.

(    )  an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment is ten years or more.

(    )  an offense under chapter 77 of Title 18, United States Code (Peonage, Slavery, and Trafficking in Persons), for which a maximum term of imprisonment of twenty years or more is prescribed.

(    )  an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

The Government alleges that, based on the following factors to be considered by the Court set out in 18 U.S.C. § 3142(g), there are no conditions of release that will reasonably assure the appearance of the Defendant as required and/or the safety of any other person and the community:

1.    The nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of 18 U.S.C. § 1591 (sex trafficking of children), a federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive or destructive device;

MOTION FOR DETENTION - 4

2.      The weight of the evidence against the Defendant;

3.      The history and characteristics of the Defendant, including:

    a.      the Defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

    b.      whether, at the time of the current offense or arrest, the Defendant was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under federal, state or local law; and

4.      The nature and seriousness of the danger to any person or the community that would be posed by the Defendant's release.

For these reasons, the Government requests that the Defendant be detained pending trial in this case.

Respectfully submitted this 12th day of January, 2024.

JOSHUA D. HURWIT
UNITED STATES ATTORNEY
By:

*/s/ David J. Morse*
DAVID J. MORSE
Assistant United States Attorney

MOTION FOR DETENTION - 5