Jay J. Kiiha, ISB # 6763
Kiiha and Associates PLLC
3313 W Cherry Ln # 905
Meridian, ID  83642
208.960.5107
jay@kiiha.com

Counsel for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | **CASE NO. 1:24-cr-0007-DCN** |
| | ) | |
| Plaintiff, | ) | **SENTENCING MEMORANDUM** |
| | ) | |
| vs. | ) | |
| | ) | |
| CHARLES GRANT MCREYNOLDS | ) | |
| | ) | |
| Defendant. | ) | |

CHARLES GRANT MCREYNOLDS ("Grant"), through his counsel, Jay J. Kiiha of the

firm Kiiha and Associates PLLC, submits this Sentencing Memorandum and requests a sentence

of one hundred and eight (108) months of incarceration.

### *Overview*

The revised Presentence Investigation Report [Dkt. 31], filed June 4, 2024, accurately

describes the offense conduct.  See PSR. ℙ 7-10.  It also accurately describes the Offense Level

calculation and Criminal History calculation.  See PSR ℙ 26, 38.  Grant's criminal charges stem

from three related incidents:  (1) a traffic stop of Jim Neaderhiser on November 22, 2023, where

Neiderheiser was found in possession of two pounds of methamphetamine after leaving Grant's

residence; (2) a vehicle search on the same day, where 939 grams of methamphetamine, a

SENTENCING MEMORANDUM- 1

handgun and cash were found in Grant's vehicle; and (3) a residence search that took place on November 29, 2023, where smaller amounts of cocaine, methamphetamine and guns were found at Grant's residence.

### *Procedural History*

On November 30, 2023, a complaint was filed against Grant in state court in Ada County Case No. CR01-23-37029.  The complaint consisted of three counts, all relating to the methamphetamine, cocaine, and guns found on November 29, 2023.  Most relevant to this case, it charged Grant with Trafficking in Methamphetamine and Unlawful Possession of a Firearm.

On November 30, 2023, bond was set in the amount of $500,000 by Judge Jonathan Medema.  On December 05, 2023, Jeffrey Nona entered appearance as private counsel for Grant. Idaho State Law requires that a preliminary hearing is held within 14 days of arraignment if the party is incarcerated unless continued.  Preliminary hearings were continued on December 14, 2023, January 11, 2024, and February 20, 2024.

On January 11, 2024 Grant posted a surety bond on his state charges and was released from incarceration.  That same day he was re-arrested at home in relation to the Federal Indictment.  The federal Indictment charged Grant for the same acts as the original state Complaint which took place on November 29, 2023.  On January 22, 2024, Judge Patricco released Grant from temporary detention subject to terms and conditions of federal pretrial release.

On February 14, 2024, a state Indictment was filed[1] and Grant was arrested again.  On February 15, 2024, he was arraigned, put into custody, and bond was set at $1,000,000 by judge Theresa Gardunia.  The Indictment was a five-count expansion from the original Complaint.  It

---

[1] Inexplicably, the state Indictment is file stamped January 13, 2024, but is signed February 13, 2024.

SENTENCING MEMORANDUM- 2

included the three original counts from the Complaint as Counts II, III, and IV, but also included an additional conspiracy Count I which alleged that "On or between August and November 2023," Grant and others engaged in various overt acts to distribute methamphetamines. This period of time would encompass what he was charged with in the state Complaint and federal Indictment.

On February 27, 2024, Grant was arraigned by Judge Medema, the bond setting of $1,000,000 was dismissed, and his original bond of $500,000 was reinstated.

On August 13, 2023, Grant pled guilty in his underlying state case to one count of Conspiracy to Traffick Methamphetamines and one count of Felon in Possession of a Firearm. The first count has a mandatory minimum of 10 years up to life. The second count is consecutive up to five years, the State recommending 2 determinate and 3 indeterminate. Grant was sentenced on October 15, 2024. Grant was sentenced to 10 years on the conspiracy count and two years determinate, three years indeterminate on the consecutive gun charge. Grant was placed back into state custody at the conclusion of his sentencing hearing.

While on federal pretrial release, Grant has had few issues with positive drug tests[2], has maintained regular contact with counsel, and has maintained regular employment. He is tremendously sorry for the burden this has placed on his family and the greater community and is prepared to enter a lengthy period of incarceration to pay back his debt to society.

Whatever way the court sentences Grant, he has two requests of the Court, both of which are more important than anything to include the amount of time that he receives in this judgment:

---

[2] He recently tested positive for marijuana. While Grant does not excuse his behavior, the stress of his multiple sentencings has contributed to a lifelong and terrible anxiety problem. He does not ask for the Court's forgiveness as to this lapse of sobriety, but hopes the Court understands why it happened.

SENTENCING MEMORANDUM- 3

1. Any sentence that is handed down by this court is run concurrent to Ada County Case No. CR01-23-37029; and

2. That this court set the place of incarceration in this case to the Idaho State Penitentiary.

By the time that Grant is released from prison, he will be almost 70 years old.  While this crime is serious, a concurrent federal sentence with his Idaho sentence reflects the seriousness of the offense and protects the public from further crimes.  Mr. McReynolds has been able to care for his ailing mother who is sick with cancer and kidney disease during the pendency of this case while on pretrial release.  He does not know if he will ever be able to see her on the outside again as a free man, which is perhaps the worst punishment that a son who loves his mother can experience given the situation that he is in.  Grant has a strong family network, all in Idaho, and he wishes to try to do anything that he can to see them over the next 12 years while he is serving state time.  To that end, he requests that any time he be allowed to have his place of federal incarceration in the Idaho State Prison.

Grant concurs with the prosecution here that an appropriate sentence is one hundred and eight (108) months.  He has no objection to the facts contained in his federal PSR.

### *Level Departure from the Mandatory Minimum*

The United States has requested a one level departure based on Grant providing substantial assistance and cooperation to the government.

SENTENCING MEMORANDUM- 4

Upon motion from the government stating that a defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines via USSG §5K1.1[3], which states:

§5K1.1.    Substantial Assistance to Authorities  (Policy Statement)

Upon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines.

(a)    The appropriate reduction shall be determined by the court for reasons stated that may include, but are not limited to, consideration of the following:

(1)    the court's evaluation of the significance and usefulness of the defendant's assistance, taking into consideration the government's evaluation of the assistance rendered;

(2)    the truthfulness, completeness, and reliability of any information or testimony provided by the defendant;

(3)    the nature and extent of the defendant's assistance;

(4)    any injury suffered, or any danger or risk of injury to the defendant or his family resulting from his assistance;

(5)    the timeliness of the defendant's assistance.

---

[3] *Application Notes:*

*1.    Under circumstances set forth in 18 U.S.C. § 3553(e) and 28 U.S.C. § 994(n), as amended, substantial assistance in the investigation or prosecution of another person who has committed an offense may justify a sentence below a statutorily required minimum sentence.*
*2.    The sentencing reduction for assistance to authorities shall be considered independently of any reduction for acceptance of responsibility.  Substantial assistance is directed to the investigation and prosecution of criminal activities by persons other than the defendant, while acceptance of responsibility is directed to the defendant's affirmative recognition of responsibility for his own conduct.*
*3.    Substantial weight should be given to the government's evaluation of the extent of the defendant's assistance, particularly where the extent and value of the assistance are difficult to ascertain.*
*Background:  A defendant's assistance to authorities in the investigation of criminal activities has been recognized in practice and by statute as a mitigating sentencing factor.  The nature, extent, and significance of assistance can involve a broad spectrum of conduct that must be evaluated by the court on an individual basis.  Latitude is, therefore, afforded the sentencing judge to reduce a sentence based upon variable relevant factors, including those listed above.  The sentencing judge must, however, state the reasons for reducing a sentence under this section.  18*

SENTENCING MEMORANDUM- 5

Grant faces a mandatory minimum sentence of ten (10) years or one-hundred and twenty (120) months.

18 USC § 3553(e) states that:

Upon motion of the Government, <u>the court shall have the authority to impose a sentence below a level established by statute as a minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense</u>. Such sentence shall be imposed in accordance with the guidelines and policy statements issued by the Sentencing Commission pursuant to section 994 of title 28, United States Code.

(<u>emphasis added</u>).

When a defendant has provided substantial assistance to the government, the district court may calculate a revised mandatory minimum under 18 U.S.C. § 3553(e), considering only factors related to the defendant's assistance. *United States v. Wimpf,* 620 F.3d 1168, 1171 (9th Cir.2010); *United States v. Auld,* 321 F.3d 861, 867 (9th Cir.2003). The revised mandatory minimum constitutes the new floor for the defendant's sentence. The United States has correctly calculated his new floor at one hundred and eight (108) months.

### *Additional Sentencing Factors/Alternate Request for Variance*

1.  *Section 3553(a)(1) The nature and circumstances of the offense and the history and characteristics of the defendant.*

Section 3353(a)(1) is a "broad command to consider 'the nature and circumstances of the offense and the history and characteristics of the defendant'" *Gall* 552 U.S. 37 (2007). Without

---

*U.S.C. § 3553(c). The court may elect to provide its reasons to the defendant <u>in camera</u> and in writing under seal for the safety of the defendant or to avoid disclosure of an ongoing investigation.*

SENTENCING MEMORANDUM- 6

reiterating the expanded social history and facts stated in the social history of the PSR, Grant notes (1) he suffered mental, physical and sexual abuse at the hands of an abusive stepfather; (2) PTSD while a combat veteran in Iraq; (3) serious substance abuse from a very young age; and (4) serious untreated mental health issues, as all relevant to the unique circumstances that he faces.  Grant is also an Honorably Discharged combat veteran and has worked on and off as an institutional cook his entire life.

2.    *Section 3553(a)(2) The need for the sentence imposed to reflect the seriousness of the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training; medical care, or other correctional treatment in the most effective manner.*

Like many others who come into the federal system, this is the longest period of time that Grant will ever have served as an incarcerated person.  In an ideal world (it impossible to say about a concurrent federal sentence and over ten year state sentence will impact the above), he will be able to attain local vocational training, medical care, drug treatment while serving time in the Idaho State Prison.

3.    *Section 3553(a)(3) The kinds of sentences available.*

A one hundred and eight month sentence is adequate in this case.

4.    *Section 3553(a)(4),(5) The guideline sentence and any pertinent policy statement issued by the sentencing commission.*

The Presentence Investigation Report adequately states the USSGs and related policy statements that apply in this matter.

SENTENCING MEMORANDUM- 7

5.      *Section 3553(a)(6). The need to avoid unwarranted disparity among defendants with similar records who have been found guilty of other conduct.*

This guideline factor typically looks to national disparities between similarly situated defendants.  *See U.S. v. Conaster*, 514 F.3d 87 (1st Cir. 2008).  Grant will end up serving a sentence that is right near the standard one hundred and twenty (120) month sentence that most persons in a similar situation with a similar amount of drugs serve in the federal system.

6.      *Section 3553(a)(7). The need to provide restitution to any victims of the offense.*

Restitution is not an issue in this case.


### Conclusion

The court has considerable latitude as to where Grant will serve his prison sentence and whether it is concurrent with his state time.  Again, he requests a concurrent sentence with Ada County Case No. CR01-23-37029 and that he be allowed to serve his time in the Idaho State Penitentiary.


DATED this 15th of October 2024.


Jay Juhani Kiiha
Attorney for Defendant


SENTENCING MEMORANDUM- 8

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of October 2024, I caused to be served a true and correct copy of the foregoing document by the method indicated below to the following:

David Morse, AUSA
Office of the United States Attorney
1290 West Myrtle Street
Suite 500
Boise, ID  83702

| | |
|---|---|
| _____ | US Mail |
| __X___ | CM/ECF Filing |
| _____ | Hand Delivery |
| _____ | Facsimile No. |
| _____ | Email |

Anabella Antonucci
Probation Services Technician
550 West Fort Street, Room 458
Boise, ID  83724-0101
anabella_antonucci@idp.uscourts.gov
nate_hudson@idp,uscourts.gov

| | |
|---|---|
| _____ | US Mail |
| _____ | CM/ECF Filing |
| _____ | Hand Delivery |
| _____ | Facsimile No. |
| __X__ | Email |

_____/s/ Jay Kiiha_____
Jay Kiiha

SENTENCING MEMORANDUM- 9